FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Jul 27, 2018

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| BARBARA ANN MONOIAN, | No.    1:18-CV-3023-SMJ |
| Plaintiff, | |
| v. | ORDER DISMISSING PLAINTIFF'S AMENDED COMPLAINT |
| COMPREHENSIVE MENTAL HEALTH; YAKIMA MEMORIAL HOSPITAL, | |
| Defendants. | |

Plaintiff Barbara Ann Monoian, proceeding *pro se* and *in forma pauperis*, filed a Complaint in this Court on March 12, 2018, ECF No. 7. The Court reviewed the complaint for legal sufficiency and directed Plaintiff to file an amended complaint. Plaintiff filed an amended complaint on May 7, 2018. ECF No. 9. The Court again reviewed the complaint for legal sufficiency and directed Plaintiff to file an amended complaint by July 1, 2018 or risk dismissal of the claim. ECF No. 10. Defendants in this case have not been served.

When a plaintiff proceeds *in forma pauperis*, the Court must screen claims under 28 U.S.C. § 1915(e)(2) to determine whether the claim is one upon which relief may be granted. In assessing whether Federal Rule of Civil Procedure 8(a)(2)

has been satisfied, a court must first identify the elements of the plaintiff's claim(s) and then determine whether those elements could be proven on the facts pled. A court should generally draw all reasonable inferences in the plaintiff's favor, *see Sheppard v. David Evans & Assocs.*, 694 F.3d 1045, 1051 (9th Cir. 2012), but it need not accept "naked assertions devoid of further factual enhancement," *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks omitted) (citation omitted).

The Court conducted an initial screening of Plaintiff's complaint on April 24, 2018. For the reasons set out in the Court's order, ECF No. 8, the Court determined that the complaint did not assert claims upon which relief could be granted. The Court directed Plaintiff to amend her complaint. On May 7, 2018, Plaintiff filed an amended complaint. The Court screened the amended complaint and determined it did not cure the defects identified in the first complaint. The Court again directed Plaintiff to amend her complaint by July 1, 2018 or risk dismissal of the complaint.

On June 11, 2018, Plaintiff filed a document with the Court. The document states:

> Your Honor, Judge Salvador Mendoza, Jr.
> Salutations, peace be with thee.
> I am responding to you at your request.
> Thank you for this opportunity.
> Rescript
> Post Script
> P.S.
> Holy Writ

Totidem Verbis
Please see
Ephesians 6:10–21

ECF No. 11. Plaintiff did not submit any other filings to the Court before the July 1, 2018 deadline to file a second amended complaint.

Even construing Plaintiff's June 11, 2018 filing liberally, it does not appear to be a pleading or a motion. The document contains no facts or legal claims. Accordingly, the Court finds that Plaintiff failed to file a second amended complaint by the July 1, 2018 deadline and Plaintiff's second amended complaint is dismissed without prejudice.

*In forma pauperis* status requires two findings: (1) a finding of indigency, and (2) a finding that the underlying claim has some merit. *Bradshaw v. Zoological Soc. of San Diego*, 662 F.2d 1301, 1308 (9th Cir. 1981). Pursuant to 28 U.S.C. § 1915(a)(3), "[a]n appeal may not be taken in forma pauperis if the trial court certifies in writing that it is not taken in good faith." The good faith standard is an objective one, and good faith is demonstrated when an individual "seeks appellate review of any issue not frivolous." *Coppedge v. United States*, 369 U.S. 438, 445 (1962). For purposes of 28 U.S.C. § 1915, an appeal is frivolous if it lacks any arguable basis in law or fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).

The Court finds that any appeal of this Order would not be taken in good

faith because it would lack any arguable basis in law or fact. Accordingly, the Court hereby revokes Plaintiff's *in forma pauperis* status.

Accordingly, **IT IS HEREBY ORDERED**:

1. Plaintiff's Amended Complaint, **ECF No. 9**, is **DISMISSED without prejudice.**

2. Plaintiff's *in forma pauperis* status is **REVOKED**.

3. The Clerk's Office is directed to **CLOSE** this file.

**IT IS SO ORDERED**. The Clerk's Office is directed to enter this Order and provide copies to Plaintiff at her last known address.

**DATED** this 27th day of July 2018.

_____
SALVADOR MENDOZA, JR.
United States District Judge